UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

Case No: _____

DAVIDA FULTON,

    Plaintiff,

v.

WAWA, INC.

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DAVIDA FULTON, by and through her undersigned counsel, sues the Defendant, WAWA, INC., and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages and to remedy violations of the rights of MS. FULTON under the Pregnancy Discrimination Act and the Florida Civil Rights Act of 1992, as amended ("Chapter 760"), to redress injuries done to her by the Defendant, WAWA, INC. ("Defendant").

2. The unlawful acts which gave rise to this Complaint occurred within Broward County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

**PARTIES**

3. At all times material hereto, Plaintiff has been a citizen and resident of Broward County Florida and is otherwise *sui juris*.

4. At all times material hereto, Plaintiff was a pregnant female and as such, Plaintiff is a member of a protected class under the Pregnancy Discrimination Act and the Florida Civil Rights of 1992, because the terms, conditions, and privileges of her employment were altered because of her pregnancy.

5. Defendant is not a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. Defendant has, at all times material hereto, employed 20 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

7. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission.

8. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9. Plaintiff was issued Notice of Right to Sue on November 21, 2019. This suit is filed in accordance with that Notice and within the applicable ninety (90) day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Plaintiff was hired as a customer service representative for the Defendant in November 2017 until she was wrongfully terminated on March 30, 2019.

12. As a customer service agent, Plaintiff's primary duties and responsibilities included preparing food items, stocking items, cleaning, and assisting customers when necessary.

13. Plaintiff was qualified for her position as a customer service representative in that she had experience as a customer service representative and/or she had all necessary training to perform her job duties and responsibilities.

14. Plaintiff's starting salary was $11.18 per hour.

15. When the Plaintiff found out she was pregnant in January 2019 and disclosed her pregnancy to Defendant, she became the target of ongoing harassment and discrimination which created a hostile work environment.

16. When the Plaintiff's manager, Jarrod Blum, found out that the Plaintiff was pregnant, he said, "it seems everyone is getting pregnant these days." Mr. Blum's initial reaction was not to congratulate the Plaintiff.

17. In February 2019, the Plaintiff started to suffer from morning sickness. Due to her morning sickness, it became difficult for her to work. The Plaintiff called Human Resources and received approval to take a two to three week leave of absence. The Plaintiff returned to work towards the end of February 2019.

18. In March 2019, Nora, an assistant manager, approached the Plaintiff and said that Mr. Blum wanted to meet with her and that she was going to receive a raise. As requested, the Plaintiff went to speak with Mr. Blum, but instead of giving her a raise, Mr. Blum accused her of poor work performance. However, he did not provide any specifics of exactly what she was doing wrong. Prior to the Plaintiff becoming pregnant, Mr. Blum never had any issues with her work performance.

19. After that meeting, on another day in March 2019, the Plaintiff was in the back preparing breakfast sandwiches. The Plaintiff became very hot and felt like she was going to pass out. She went and got a cup of water to drink and shortly after put it on the counter since she was still in the process of preparing foods. Mr. Blum saw the Plaintiff and said, "you cannot have a drink here." Despite the Plaintiff explaining to Mr. Blum that she was really hot due to her pregnancy, he told her not to drink anything and h e did not offer her the chance to take a brief break.

20. Another day, the Plaintiff was preparing snacks that are required to be out by 11 a.m. The Plaintiff had no idea that the front was completely empty and there was no food. She thought everything was okay and continued to prepare the food. Ciara, an assistant manager, came in the back and said that Mr. Blum was upset because there was no food in the front. The Plaintiff replied that she was not aware of this and she was preparing the snacks to put out at 11 a.m. Mr. Blum accused the Plaintiff of not doing her job.

21. One Saturday, the Plaintiff was working her regular shift. Mr. Blum did not work weekends, but occasionally he would come in to check on the store and get coffee. On this particular day, the Plaintiff was working in the deli. Mr. Blum walked up to Gregory, a customer service representative, and told him to make sure the Plaintiff did not move from her spot. When Mr. Blum left, Gregory told the Plaintiff what Mr. Blum told him. Gregory and the Plaintiff both felt that Mr. Blum wanted Gregory to babysit her even though Gregory is the Plaintiff's equal in the workplace. Again, the Plaintiff was discriminated against due to her pregnancy.

22. On another occasion, the Plaintiff was in the breakroom and chewing some ice. Mr. Blum came in and reprimanded the Plaintiff for chewing gum. The Plaintiff responded that she was not chewing gum. He mumbled that he was sorry and walked away.

23. Another day in March 2019, the Plaintiff was having car trouble. The Plaintiff called the store and Sharlene, a customer service representative, answered the phone. The Plaintiff asked her to tell Nora, the manager on duty, that she was having car problems and wouldn't be there. Sharlene told Mr. Blum about the Plaintiff's car trouble. Mr. Blum responded, "she could have caught the bus or an Uber." Sharlene told the Plaintiff that she thought Mr. Blum wanted to fire the Plaintiff.

24. Later that month, Mr. Blum screamed at the Plaintiff, demanding to know why she was not responding to him on the headset. The Plaintiff told him that her headset was dead. He grabbed the Plaintiff's headset from her and got it working. He then slammed the headset on the counter. The Plaintiff was embarrassed and afraid.

25. Ciara, an assistant manager, told the Plaintiff that Mr. Blum wanted to fire the Plaintiff. Ciara had no problems with the Plaintiff's work performance.

26. On March 30, 2019, Mr. Blum called and left the Plaintiff a voicemail firing her.

27. The Plaintiff called Human Resources shortly thereafter. Human Resources told her that she could not make a complaint over the phone and that they would mail her forms to fill out. The Plaintiff never received any forms in the mail.

28. Plaintiff has engaged the undersigned attorney to prosecute her claims and is entitled to recover her attorney's fees from Defendant pursuant to statute.

### COUNT I: VIOLATION OF THE PREGNANCY DISCRIMINATION ACT
**(Discrimination on the Basis of Pregnancy)**

29. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 28, inclusive, as though same were fully re-written here.

30. The PDA forbids discrimination on the basis of pregnancy, childbirth, or related medical conditions, including childbearing capacity. The PDA also includes related medical

conditions including, but not limited to, lactation; disorders directly related to pregnancy, such as preeclampsia (pregnancy-induced high blood pressure), placenta previa, and gestational diabetes; symptoms such as back pain; complications requiring bed rest; and the after-effects of a delivery.

31. Plaintiff was pregnant and had a medical condition as that term is defined under the PDA, and, therefore, is a member of the protected class.

32. At all relevant and material times, Defendant failed to comply with the PDA.

33. The discrimination against Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's pregnancy and her pregnancy-related disability.

34. At all times relevant hereto, Defendant regarded Plaintiff as an individual who was pregnant and/or had a pregnancy-related disability.

35. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

36. Plaintiff was qualified for the position in that she had the relevant and necessary training and/or experience.

37. Defendant is a large privately-owned business, and therefore a sophisticated employer who has actual knowledge of the requirements of the PDA, as amended.

38. The failure of Defendant to adhere to the mandates of the PDA was willful and its violations of the provisions of the PDA were willful.

39. The Defendant's actions against Plaintiff, including micromanaging her, singling her out, accusing her of not doing her job properly, not allowing her to drink water, screaming at her, and ultimately firing her , demonstrate the Defendant's lack of adherence to its policy against discrimination and failure to comply with the law related to pregnant women.

40. Despite the Plaintiff being pregnant and suffering from a pregnancy-related disability, the Defendant to micromanaged her, singled her out, accused her of not doing her job properly, screamed at her, and ultimately fired her.

41. Upon information and belief, non-pregnant employees are not micromanaged, singled out, screamed at, accused of not doing their job properly, and are not terminated for no reason.

42. Any allegedly nondiscriminatory reason for the Defendant's actions against Plaintiff is a mere pretext for the actual reason for the Defendant's treatment and termination of Plaintiff; *inter alia* Plaintiff's pregnancy and/or pregnancy related disability.

43. As a result of Defendant's violation, Plaintiff has suffered damages.

44. As a direct and proximate result of the intentional and discriminatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, damage to her reputation, and other past and future pecuniary losses.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, loss of fringe benefits, loss of retirement benefits, compensatory damages under the PDA for emotional distress, liquidated damages, prejudgment interest on her damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

### **COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992**
**(Discrimination on the Basis of Pregnancy)**

45. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 28, inclusive, as though same were fully re-written here.

46. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

47. The Florida Civil Rights Act of 1992 shall be construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved.

48. Plaintiff was pregnant and suffered from a pregnancy-related disability, and therefore a member of a protected class.

49. The Defendant's actions against Plaintiff, including micromanaging her, singling her out, accusing her of not doing her job properly, not allowing her to drink water, screaming at her, and ultimately firing her demonstrates the Defendant's lack of adherence to its policy against discrimination and failure to comply with the law related to pregnant women..

50. Despite the Plaintiff being pregnant and suffering from a pregnancy-related disability, the Defendant micromanaged her, singled her out, accused her of not doing her job properly, , screamed at her, and ultimately fired her.

51. Upon information and belief, non-pregnant employees are not micromanaged, singled out, screamed at, accused of not doing their job properly, and are not terminated for no reason.

52. At all relevant and material times, Defendant failed to comply with the FCRA.

53. The discrimination of Plaintiff by Defendant was caused by Defendant being aware that Plaintiff was pregnant and/or that she suffered from a pregnancy-related disability.

54. At all times relevant, including at the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was pregnant and/or that she suffered from a pregnancy-related disability.

55. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

56. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

57. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her pregnancy and/or pregnancy-related disability in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

58. Defendant's treatment of Plaintiff was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she was pregnant and/or suffered from a pregnancy-related disability, in violation of the FCRA.

59. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's pregnancy and/or pregnancy-related disability.

60. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her pregnancy and/or pregnancy-related disability. The discrimination on the basis of pregnancy constitutes unlawful discrimination.

61. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, liquidated damages, prejudgment interest on her damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 19th day of February, 2020.

By: /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff